UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KEVIN ERIC SCOTT,

                        *Plaintiff*,

– against –

UNITED STATES OF AMERICA,

                       *Defendant*.

**MEMORANDUM & ORDER**
24-cv-01506 (NCM) (LKE)

---

**NATASHA C. MERLE**, United States District Judge:

Plaintiff Kevin Eric Scott brings this action against defendant Dorothy Ann Harbeck for harassment, terroristic threats, and intentional infliction of emotional distress. *See generally* Compl., ECF No. 1-1. Defendant Harbeck made a motion to dismiss plaintiff's complaint for lack of jurisdiction, improper venue, and failure to state a claim. *See* Def. Mot., ECF No. 18. Plaintiff Scott made his own motion to dismiss his claims from this Court and to transfer them to a "special court of equity." Pl. Mot., ECF No. 23. These motions were referred to Magistrate Judge Lara K. Eshkenazi for a report and recommendation ("R&R"), and on November 22, 2024, Magistrate Judge Eshkenazi recommended that the Court grant defendant's motion to dismiss in its entirety. *See* R&R, ECF No. 29. For the reasons that follow, Magistrate Judge Eshkenazi's recommendation is adopted, defendant's motion to dismiss is GRANTED, and plaintiff's motion is DENIED as moot.

1

## BACKGROUND

In or around February 2011, plaintiff was served with a notice to appear for removal proceedings. *See* R&R 1.[1] Plaintiff's removal proceedings were overseen by several immigration judges ("IJs") before being transferred to defendant IJ Dorothy Harbeck. R&R 1.

Plaintiff's first appearance before IJ Harbeck was scheduled for July 2019, but plaintiff failed to appear. R&R 1. The hearing was rescheduled for November 2019, and plaintiff appeared with counsel. R&R 1. Plaintiff's counsel requested an adjournment, which IJ Harbeck granted. R&R 1. IJ Harbeck reset the hearing for January 10, 2020. R&R 1. Plaintiff appeared on January 10, 2020 without counsel, and sought another continuance. R&R 2. IJ Harbeck denied the request for a continuance and issued a removal order. R&R 2. Plaintiff appealed the removal order to the Board of Immigration Appeals ("BIA"). R&R 2. While the appeal was pending, plaintiff also filed a motion to terminate the removal proceedings, which IJ Harbeck denied in October 2021. R&R 2. Plaintiff's BIA appeal was dismissed on March 4, 2022. R&R 2.

In January 2022, plaintiff filed a complaint against IJ Harbeck in the Southern District of New York, alleging breach of contract and seeking a declaration deeming the removal order issued against him unenforceable. R&R 2; *see also Scott v. Harbeck*, No. 22-cv-00241, 2023 WL 1382050, at *1 (S.D.N.Y. Jan. 31, 2023), *appeal dismissed* (May 30, 2023). In March 2022, plaintiff sought to supplement his lawsuit to add allegations regarding harassing mailings he allegedly received from IJ Harbeck. R&R 2. The

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

Honorable Paul Oetken denied plaintiff's request to supplement his complaint and ultimately dismissed the action. R&R 3.

Plaintiff brought a second lawsuit against IJ Harbeck in New York Supreme Court, Queens County on January 25, 2024. *See* Compl. 1. Plaintiff's state court complaint includes the allegations he attempted to add to his complaint filed in the Southern District of New York. R&R 3. Plaintiff alleges that in March 2022, he received a letter with three images of IJ Harbeck with words written on them including "GAME OVER," and "I SEE YOU LIKE BLUE CARS." Compl. ¶¶ 5–6. Additionally, plaintiff alleges that the words "YOU," "KNOW," and "WHO" were written on separate pieces of paper and enclosed with photos of IJ Harbeck. Compl. ¶ 5. Next, plaintiff alleges that he received a package with a return address of 26 Federal Plaza, New York, NY 10278, which contained a dead rat stuffed into a small round cake pan. Compl. ¶¶ 8–9. As relief, plaintiff seeks $200,000 in damages and an order of protection enjoining IJ Harbeck from contacting plaintiff other than in her capacity as an immigration judge. Compl. 5.

On February 28, 2024, defendant removed the action to federal court pursuant to 28 U.S.C. § 1442(a)(1) because the action relates to alleged acts of an officer of the United States Citizenship and Immigration Services ("USCIS"). *See* Notice of Removal, ECF No. 1. On March 4, 2024, defendant filed a scope of employment certification, averring that IJ Harbeck was acting within the scope of her employment as a federal employee at the time of the incidents alleged in plaintiff's complaint. *See* Employment Certification, ECF No. 5-1. On March 12, 2024, plaintiff filed a "notice of abatement" challenging the scope of employment certification and seeking to remand this action back to state court. *See* Notice of Abatement, ECF No. 8. Defendant responded on April 10, 2024, and plaintiff filed a reply on April 22, 2024. *See* ECF Nos. 12, 15.

3

On March 27, 2024, defendant IJ Harbeck filed a request for a pre-motion conference for an anticipated motion to dismiss, to which plaintiff responded on May 9, 2024. ECF Nos. 10, 16. On June 20, 2024, the undersigned found that a pre-motion conference was not necessary and ordered a briefing schedule for defendant's motion to dismiss. *See* ECF Order dated June 20, 2024. Defendant filed her motion to dismiss on July 23, 2024. *See* Def. Mot., ECF No. 18. On August 23, 2024, after filing his response to defendant's motion, plaintiff filed his own motion to dismiss his case from this Court and for transfer into a "special court of equity." *See* Pl. Mot., ECF No. 23.[2] These motions were referred to the Honorable Magistrate Judge Lara K. Eshkenazi for a report and recommendation, which was entered on November 22, 2024. *See* R&R, ECF No. 29.

Magistrate Judge Eshkenazi recommended that defendant's motion to dismiss be granted in its entirety and that plaintiff's complaint be dismissed for lack of subject matter jurisdiction, improper venue, and failure to state a claim. *See generally* R&R. The R&R also recommended that plaintiff's complaint be dismissed without leave to amend. Plaintiff filed an objection to the R&R on December 4, 2024, to which defendant responded on December 18, 2024. *See* Plaintiff's Objection ("Pl. Obj."), ECF No. 31; Defendant's Response ("Def. Resp."), ECF No. 32. Plaintiff filed a reply in support of his

---

[2]    In her report and recommendation, Magistrate Judge Eshkenazi construed plaintiff's own motion to dismiss, at ECF No. 23, as his opposition to defendant's motion to dismiss. *See* R&R 9 n.1. However, in so doing, the magistrate judge did not address plaintiff's filing at ECF No. 21, also filed in opposition to defendant's motion to dismiss. Upon review, the arguments contained in plaintiff's opposition mirror the arguments made in plaintiff's own motion to dismiss at ECF No. 23. The Court therefore adopts Magistrate Judge Eshkenazi's treatment of the filing and construes it as a brief in support of plaintiff's opposition to defendant's motion to dismiss. Throughout this order, the Court refers to plaintiff's own "motion to dismiss" at ECF No. 23 as Plaintiff's Motion ("Pl. Mot."), and plaintiff's filing in opposition to defendant's motion to dismiss, ECF No. 21, as Plaintiff's Opposition ("Pl. Opp'n").

objection on December 31, 2024. *See* Plaintiff's Reply Objections ("Pl. Reply Obj."), ECF No. 33.

## LEGAL STANDARD

Reports and recommendations issued by magistrate judges on dispositive matters, and which are properly objected to, are subjected to *de novo* review pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure. *See Francois v. Brentwood Union Free Sch. Dist.*, No. 21-cv-06265, 2024 WL 5186731, at *3 (E.D.N.Y. Dec. 20, 2024).

"Merely referring the court to previously filed papers or arguments does not constitute an adequate objection" pursuant to Rule 72(b). *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022); *see also N.Y.C. Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate [judge]'s recommendations.").[3] Nor will a court consider any arguments not previously raised, but which could have been raised, before the magistrate judge. *Carpenters*, 335 F. Supp. 3d at 351.

A district court reviews "[p]ortions of a report and recommendation that are not properly objected to" for any "clear error on the face of the record." *Park v. Kim*, No. 20-cv-02636, 2022 WL 3643966, at *2 (E.D.N.Y. Aug. 24, 2022), *aff'd*, 91 F.4th 610 (2d Cir. 2024); *see also Sosa v. N.Y.C. Dep't of Educ.*, 368 F. Supp. 3d 489, 494 (E.D.N.Y. 2019) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error.").

---

[3]  Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

5

## DISCUSSION

Magistrate Judge Eshkenazi recommended that plaintiff's complaint be dismissed because (1) plaintiff failed to exhaust his administrative remedies as required by the Federal Tort Claims Act ("FTCA") and thus this Court lacks subject matter jurisdiction; (2) venue in the Eastern District of New York is improper; (3) the allegations in plaintiff's complaint are factually frivolous; (4) plaintiff's claims for harassment and terroristic threats are not cognizable torts under New York law; and (5) plaintiff's allegations in his complaint are insufficient to state a claim for intentional infliction of emotional distress. *See generally* R&R. Additionally, Magistrate Judge Eshkenazi considered plaintiff's motion, filed at ECF No. 23 ("Pl. Mot."), as a brief in opposition to defendant's motion to dismiss. *See* R&R 9 n.1. Plaintiff objects to Magistrate Judge Eshkenazi's R&R on each basis for dismissal identified in the R&R.

### I. Subject matter jurisdiction

The FTCA provides an avenue for recovery from injury or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of [her] office or employment." 28 U.S.C. § 2679(b)(1). The United States has waived its sovereign immunity for these certain classes of tort actions and is the only proper defendant. 28 U.S.C. §§ 2679, 1346(b)(1). Pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, also known as the Westfall Act, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of [her] office or employment at the time of the incident out of which the claim arose, any civil action . . . commenced upon such claim . . . shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1).

Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and receive a final written determination. *See* 28 U.S.C. § 2675(a); *see also Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). Such administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a); *see also A.Q.C. ex rel. Castillo v. United States*, 715 F. Supp. 2d 452, 457 (2d Cir. 2010).

If the plaintiff fails to first present his claim to the appropriate agency and exhaust his administrative remedies, then the plaintiff's tort claims must be dismissed. *Robinson*, 21 F.3d at 510 (citing *McNeil*, 508 U.S. at 113); *Foster v. Fed. Emergency Mgmt. Agency*, 128 F. Supp. 3d 717, 728 (E.D.N.Y. 2015) ("Failure to comply with [exhaustion] results in dismissal of the suit."). The burden is on the plaintiff to plead compliance with the FTCA's requirements. *Sisun v. United States*, No. 18-cv-07429, 2019 WL 2163115, at *3 (E.D.N.Y. May 16, 2019); *Vailette v. Lindsay*, No. 11-cv-03610, 2014 WL 4101513, at *5 (E.D.N.Y. Aug. 18, 2014). However, the Court must first determine whether the FTCA applies to the plaintiff's claims before considering the issue of administrative exhaustion.

### A. Employment certification

The FTCA is only applicable to the instant suit if defendant IJ Harbeck was acting "within the scope of [her] office or employment" at the time of the events giving rise to plaintiff's claims. 28 U.S.C. § 2679(b)(1). Magistrate Judge Eshkenazi's R&R found that because the United States Attorney General filed a certification that IJ Harbeck was acting within the scope of her employment, *see* ECF No. 5-1, that the United States should be

7

substituted as the sole defendant in the action and plaintiff's claims are subject to the FTCA. *See* R&R 7–8.

> i. The Court may consider plaintiff's challenge to the employment certification.

In opposition to Magistrate Judge Eshkenazi's R&R, plaintiff first argues that the employment certification filed by the government does not conclusively establish that IJ Harbeck was acting within the scope of her employment as a federal employee, and therefore Magistrate Judge Eshkenazi erred by concluding that plaintiff's claims were subject to the FTCA. *See* Pl. Obj. 1–2. In response, defendant argues that the employment certification is "entirely outside the scope of [d]efendant's motion to dismiss," and that plaintiff's arguments regarding the employment certification were fully briefed in plaintiff's "notice of abatement" which challenged the certification and sought to remand this case to state court. *See* Def. Resp. 9. Defendant argues that plaintiff's "notice of abatement" was not referred to Magistrate Judge Eshkenazi for a report and recommendation. Thus, because plaintiff's notice of abatement was not referred, defendant argues that plaintiff's arguments concerning the notice of abatement were not before Magistrate Judge Eshkenazi in making her recommendation and plaintiff's arguments on this point constitute improper objections. Def. Resp. 9. This argument is unavailing.

Judicial review of a scope of employment certification may properly be undertaken at the motion to dismiss stage, where the Court's review of the employment certification will control application of the FTCA, and by extension, whether the Court has jurisdiction over the plaintiff's claims. *See Awan v. United States*, No. 16-cv-00871, 2020 WL 1172634 (E.D.N.Y. Feb. 3, 2020), *report and recommendation adopted*, 2020 WL 1166448 (Mar. 11, 2020) (considering and denying plaintiff's challenge to the government's employment

8

certification, then recommending substitution of the United States as defendant and dismissal based on sovereign immunity); *Tomscha v. Poole*, No. 16-cv-01263, 2016 WL 7378974 (S.D.N.Y. Dec. 20, 2016) (considering plaintiff's challenge to employment certification when deciding motion to dismiss, and dismissing because the claims raised by plaintiff's complaint were precluded by the FTCA); *Maggulli v. Quinn*, No. 24-cv-06398, 2025 WL 690347 (W.D.N.Y. Mar. 4, 2025) (considering plaintiff's challenge to employment certification on motion to dismiss and dismissing for failure to exhaust administrative remedies).

Thus, it is not improper for the Court to consider *pro se* plaintiff's arguments as to the employment certification even if not raised as a direct response to defendant's motion to dismiss. Indeed, even if the Court were to find that plaintiff's objections to the R&R were improper, the Court would still engage in an analysis of plaintiff's arguments on this point to ensure the magistrate judge's determination was not clearly erroneous on its face.

> ii. <u>Plaintiff has not proven by a preponderance of the evidence that defendant IJ Harbeck was acting outside the scope of her employment.</u>

In support of his objection to the R&R as to IJ Harbeck's employment certification, plaintiff makes two main arguments. First, plaintiff argues that the employment certification is subject to judicial review, and that the certification should not automatically result in the application of the FTCA to his claims. Pl. Obj. 2–3. Second, plaintiff argues that IJ Harbeck was acting outside the scope of her employment at the time of the alleged actions underlying this complaint. Pl. Obj. 1–3. While plaintiff is correct that employment certifications may be subject to judicial review, plaintiff has failed to allege facts that would show IJ Harbeck was acting outside the scope of her

9

employment at the time of the alleged conduct underlying plaintiff's complaint. Thus, plaintiff's arguments fail.

Plaintiff relies principally on *Osborn v. Haley*, 549 U.S. 225 (2007) to argue that IJ Harbeck's employment certification is subject to judicial review. In *Osborn*, the district court rejected the Attorney General's employment certification because the district court accepted the plaintiff's allegations as true at the motion to dismiss stage, and for purposes of that order, concluded that the federal employee was acting outside the scope of his employment. *Id.* at 231. The Sixth Circuit Court of Appeals vacated the district court's order, and the Supreme Court affirmed. *Id.* In so doing, the Supreme Court held that in these situations, "[t]he United States . . . must remain the federal defendant in the action unless and until the District Court determines that the employee, *in fact*, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of [her] employment." *Id.* (emphasis in original). The Court further explained an employment certification "is proper when a federal officer charged with misconduct asserts, and the Government determines, that the incident or episode in suit never occurred." *Id.* at 247.

Thus, plaintiff is correct that a scope-of-employment certification may be subject to judicial review. *Id.* at 246. However, judicial review of such certifications is only appropriate where the plaintiff "alleges with particularity facts relevant to the scope-of-employment issue." *Rosenblatt v. St. John's Episcopal Hosp.*, No. 11-cv-01106, 2012 WL 294518, at *6 (E.D.N.Y. Jan. 31, 2012); *see also Green v. Hinds*, No. 17-cv-05422, 2019 WL 624929, at *4 (E.D.N.Y. Feb. 14, 2019) ("A plaintiff challenging the scope of employment determination must come forward with particular facts establishing the defendant employees were not in fact acting within the scope of their employment."). If the plaintiff satisfies his initial burden to allege with particularity facts relevant to the

10

scope-of-employment issue, the Court will conduct *de novo* review of the certification. *Cepeda v. United States*, No. 19-cv-05967, 2020 WL 4194632, at *2 (S.D.N.Y. July 21, 2020). At this point, plaintiff's burden is "to prove, by a preponderance of the evidence, that defendants were acting outside the scope of their employment." *Corley v. U.S. Dep't of Just.*, No. 14-cv-00925, 2016 WL 11395009, at *5 (E.D.N.Y. Sept. 6, 2016), *report and recommendation adopted sub nom. Corley v. United States*, 2016 WL 5394705 (Sept. 27, 2016). In conducting such a review, courts apply state law principles pertaining to scope of employment issues. *Id.* In New York, courts consider factors such as "(1) whether the time, place and occasion for the act was connected to the employment; (2) the history of the employer-employee relationship in actual practice; (3) whether the act is one commonly done by such an employee; (4) the extent to which the act departs from normal methods of performance; and (5) whether the act was one that the employer could reasonably have anticipated." *Green*, 2019 WL 624929, at *5. The Court, "not a jury, resolves any relevant question of fact" when reviewing an employment certification, *Corley*, 2016 WL 11395009, at *5, without "necessarily accepting as true the allegations in the complaint," *Smith v. Brown*, 296 F. Supp. 3d 648, 655 (S.D.N.Y. 2017).

The government has certified that defendant IJ Harbeck was acting within the scope of her employment as a federal employee at the time of the incidents alleged in the complaint. *See* Employment Certification, ECF No. 5-1. Therefore, plaintiff bears the burden of alleging with particularity facts which would undermine the determination that IJ Harbeck was acting in the scope of her employment. Plaintiff's complaint does not contain factual allegations to support his argument that IJ Harbeck's alleged conduct was outside the scope of her employment. Nor does his opposition to defendant's motion to dismiss adequately address the scope of employment issue, containing only a conclusory

11

statement that "none of the allegations support the contention that defendant Harbeck was acting within the scope of her duty as an Immigration Judge when the actions complained of were committed." *See* Pl. Opp'n.

However, in plaintiff's March 12, 2024 "notice of abatement," which sought to remand this action back to state court, plaintiff argues that IJ Harbeck "allegedly went to a Post Office on a Saturday" to mail things to plaintiff's home, and because "[i]mmigration courts are not open for business on Saturdays [ ] the actions complained about are clearly not within the scope of her employment." Notice of Abatement 4. This lone factual allegation is likely insufficient to warrant *de novo* review of the employment certification. Nevertheless, out of an abundance of caution, the Court will consider plaintiff's arguments challenging the scope of employment certification. *See Coalts-Young v. Glens Falls Hosp.*, No. 14-cv-00271, 2014 WL 6474855, at *4 (N.D.N.Y. Nov. 19, 2014).

Despite the allegation of the Saturday mailings, plaintiff's own arguments link the alleged mailings to defendant IJ Harbeck's employment as an immigration judge. Specifically, plaintiff argues that the first harassing mailing was received thirteen days after his immigration appeal was denied, and that the mailings "had words in the context of removal written on them," and that "[t]he mailings are directly connected to [d]efendant and her place of employment." Pl. Reply Obj. 3–4. Plaintiff's complaint also alleges that the return address of the package he received was 26 Federal Plaza, New York, NY 10278, which is the location of IJ Harbeck's employment. *See* Compl. ¶ 8; Pl. Opp'n 7.

Even though plaintiff alleges the dead rodent was mailed to him in retaliation for a complaint plaintiff made against IJ Harbeck, *see* Pl. Opp'n ¶ 20, an assertion of retaliatory motive, even if plausible, is insufficient "to establish that an employee was acting outside the scope of [her] employment, at least absent proof of personal motives

12

unrelated to the furtherance of the employer's business." *Corley*, 2016 WL 11395009 at *5. Plaintiff does not allege a personal motivation for the alleged mailings outside of IJ Harbeck's role as an immigration judge.[4] Indeed, plaintiff's arguments in support of his claim for intentional infliction of emotional distress state that IJ Harbeck's alleged mailings were meant to threaten that she would remove him from this country, presumably through an order in her capacity as an immigration judge. *See* Pl. Obj. 10 ("Defendant Harbeck, as a public official, mailed threatening and taunting messages to the plaintiff's home . . . threatening to exile him from his home country . . . and all of the other collateral consequences attendant to deportation.").

Moreover, contrary to plaintiff's argument, even if IJ Harbeck's alleged conduct was violative of the law, that alone is insufficient to meet plaintiff's burden to prove by a preponderance of the evidence that IJ Harbeck acted outside of her employment as an immigration judge. Specifically, plaintiff argues that "Title 8 of the United States Code" and the "Code of Federal Regulations" does not authorize an employee to send pictures of themselves or dead rodents to individuals before the Immigration Court, and thus defendant IJ Harbeck was not acting within the scope of her employment. *See* Pl. Reply in Support of Notice of Abatement, ECF No. 15 at 3. This argument does not undermine the government's employment certification. An employee's actions that are contrary to law or the employer's instructions are not necessarily outside the scope of employment if done in service of the employer. *See Norwood v. Simon Prop. Grp., Inc.*, 159 N.Y.S.3d

---

[4] Plaintiff's complaint does not include allegations of a retaliatory motive for mailing the dead rat. Instead, this allegation is presented for the first time in plaintiff's opposition to defendant's motion to dismiss. Plaintiff states that the mailing was in response to a complaint he filed with the Office of Inspector General, the Chief Immigration Judge in Falls Church Virginia, to IJ Harbeck's supervisor, and to the Honorable Paul J. Oetken. Pl. Opp'n 20. This allegation is not present in plaintiff's notice of abatement briefing. *See* Notice of Abatement; Pl. Reply in Support of Notice of Abatement, ECF No. 15.

13

482 (2d Dep't 2021) (finding defendant employer movie theater could not establish as a matter of law that employee was acting outside the scope of employment when he brandished a baton and then threatened plaintiff with a pellet gun); *Ramos v. Jake Realty Co.*, 801 N.Y.S.2d 566 (1st Dep't 2005) (building superintendent not acting outside of scope of employment as a matter of law where he assaulted plaintiff tenant to prevent plaintiff from gathering evidence to support an application for rent abatement).

Moreover, defendant IJ Harbeck asserts that she never sent the alleged mailings at issue in this case. *See* Harbeck Declaration, ECF No. 18-3 ¶¶ 8, 14, 16–19 (denying that she ever personally sent mail to plaintiff). Specifically, defendant asserts that her only contact with plaintiff, except for the purposes of the lawsuits brought against her by the plaintiff, was in her role as an immigration judge. ECF No. 12 at 18. Where the incident giving rise to the complaint is denied by the employee against whom the action is brought, and the Government determines that the incident never occurred, an employment certification is proper unless the plaintiff can demonstrate by a preponderance of the evidence that it did in fact occur and that the employee was acting in their individual capacity. *Osborn*, 549 U.S. at 246. Otherwise, an employee's immunity from suit would be stripped away simply by allegations in a complaint, rather than what is found by the Court, undermining the FTCA's purpose of shielding federal employees from suit. *Id.* at 247.

Even assuming that plaintiff offered evidence relevant to the scope of employment issue, plaintiff has failed to prove, by a preponderance of the evidence, that IJ Harbeck was acting outside the scope of her employment at the time of the alleged actions giving rise to plaintiff's complaint. Therefore, the FTCA governs this action. Defendant IJ

Harbeck is dismissed from this case in her individual capacity and the United States is substituted as the sole defendant.

## B. Administrative Exhaustion

Having found that the FTCA applies and that the United States is the proper defendant in this action, the Court addresses plaintiff's next argument, that Magistrate Judge Eshkenazi erred in finding that the Court lacks subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies in compliance with the FTCA. Plaintiff argues that he is not required to exhaust administrative remedies pursuant to the FTCA prior to filing a suit in state court against a federal employee not acting within the scope of their employment. Pl. Obj. 3.

However, as discussed above, the Court has substituted the United States for IJ Harbeck as defendant in this case because plaintiff has failed to show by a preponderance of the evidence that IJ Harbeck was acting outside the scope of her employment. Therefore, the FTCA applies to this action. The FTCA requirement "that a claimant exhaust all administrative remedies before filing a complaint" is "jurisdictional and cannot be waived." *Celestine*, 403 F.3d at 82; *see also Leytman v. United States*, 832 F. App'x 720, 722 (2d Cir. 2020) ("Failure to comply with this exhaustion requirement deprives Article III courts of subject matter jurisdiction over FTCA claims."). This requirement "applies equally to litigants with counsel and those proceeding *pro se*." *Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004). Contrary to plaintiff's argument that administrative exhaustion is not required because he did not bring this lawsuit against the DOJ or the United States, *see* Pl. Opp'n 1, the FTCA's exhaustion requirement applies to any claim alleging a "negligent or wrongful act or omission of any employee of the Government while acting within the scope of [her] office or employment,"

15

as the Court has determined is the case here. 28 U.S.C. § 2675(a); *see also Rosenblatt*, 2012 WL 294518, at *9 (dismissing FTCA claim for failure to administratively exhaust remedies where suit was brought against hospital and individual defendants and plaintiff disputed that defendants were acting within the scope of their employment).

Furthermore, as the Court "may consider documents outside of the pleadings to determine whether [p]laintiff has exhausted his administrative remedies," *Jackson v. Stewart*, No. 22-cv-07476, 2024 WL 3677246, at *5 n.2 (S.D.N.Y. Aug. 5, 2024), the Court considers defendant's affidavit which reports that there is no record of an administrative tort claim submitted by plaintiff for the conduct alleged in his complaint, *see* Declaration of Elijah F. Jenkins, ECF No. 18-4 ¶ 3. As plaintiff has failed to establish that he exhausted his administrative remedies before filing this action, plaintiff's claims are dismissed for lack of subject matter jurisdiction.

### C. Remaining arguments

Following Magistrate Judge Eshkenazi's recommendation that plaintiff's complaint be dismissed for lack of subject matter jurisdiction, she noted that the "Court need not consider [d]efendant's remaining arguments in support of dismissal," but addressed those arguments "out of an abundance of caution." R&R 9–10. Where a defendant moves for dismissal under both Rule 12(b)(1) and other grounds, "the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990); *see also Smith v. N.Y. State Sec'y of State*, No. 20-cv-04958, 2022 WL 970749, at *3 n.7 (E.D.N.Y. Mar. 31, 2022) ("Because the Court finds that it lacks jurisdiction over this matter, it does not reach [defendant's] Rule 12(b)(6)

16

arguments or discuss that standard."); *Howard v. Carter*, No. 23-cv-00159, 2024 WL 4573767 (W.D.N.Y. Oct. 24, 2024).

Having found after *de novo* review that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction, the Court refrains from reaching the other bases for dismissal presented by defendant and recommended by Magistrate Judge Eshkenazi, including that plaintiff's complaint be dismissed for the following reasons: because injunctive relief is not available under the FTCA; for improper venue; because plaintiff's claims for harassment and terroristic threats lack a private analogue; plaintiff's claim for intentional infliction of emotional distress fails to state a claim; and plaintiff's factual allegations are frivolous. *See generally* R&R.

Lastly, while Magistrate Judge Eshkenazi construed plaintiff's motion to dismiss as his opposition to defendant's motion to dismiss, *see* R&R 9 n.1, the R&R did not contain a recommendation as to the disposition of that motion. Nevertheless, the Court finds that plaintiff's motion for transfer to a "special court of equity" is moot because his complaint is dismissed in its entirety. Accordingly, plaintiff's motion, ECF 23, is denied as moot.

## II.   Leave to amend

Plaintiff's objection does not address Magistrate Judge Eshkenazi's recommendation that the Court deny plaintiff leave to amend or supplement his complaint. Magistrate Judge Eshkenazi recommended that plaintiff be denied leave to amend or supplement his complaint because the complaint "is replete with implausible allegations that he has attempted to supplement with what appears to be staged video evidence" and that allowing plaintiff leave to amend would reward bad faith conduct. R&R 16–17. As plaintiff has not objected to this recommendation, the Court "need only satisfy itself that there is no clear error on the face of the record." *Finley v. Trans Union,*

17

*Experian, Equifax*, No. 17-cv-00371, 2017 WL 4838764, at *1 (E.D.N.Y. Oct. 24, 2017) (quoting *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011)).

While courts "should freely give leave" to amend "when justice so requires," *see* Fed. R. Civ. P. 15(a)(2), courts may deny leave to amend upon a showing of undue delay, bad faith, dilatory motive, or where amendment would be futile. *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021). Considering that the defects of plaintiff's complaint warranting dismissal are unlikely to be remedied through amendment, the Court finds no clear error in Magistrate Judge Eshkenazi's recommendation that plaintiff be denied leave to amend his complaint. Accordingly, plaintiff's complaint is dismissed without leave to amend.

## CONCLUSION

The Clerk of Court is respectfully directed to modify the caption of this matter to reflect that the United States is the sole party defendant. For the reasons stated above, defendant's motion to dismiss plaintiff's complaint in its entirety is **GRANTED** without leave to amend, and plaintiff's motion to dismiss and for transfer to a special court of equity is **DENIED** as moot. The Clerk of Court is respectfully requested to enter judgment and close this case and send a copy of the Order and Judgment to plaintiff and note the mailing on the docket.

**SO ORDERED.**

                                                                                          /s/ *Natasha C. Merle*
                                                                         NATASHA C. MERLE
                                                                         United States District Judge

Dated:        March 17, 2025
                 Brooklyn, New York